IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CV 205

| | |
|---|---|
| JAMES A. McCLAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| HENDERSON COUNTY, NORTH ) | |
| CAROLINA; CHARLIE MESSER; ) | |
| CHARLES R. BURRELL; SARAH G. ) | |
| ZAMBON; and CURTIS GRIFFIN; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Motion to Dismiss (# 5) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendants' Motion to Dismiss be GRANTED.

**I.    Procedural Background**

On July 31, 2017, Plaintiff, proceeding pro se, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his substantive and procedural due process rights were violated when Henderson County, North Carolina denied his June 11, 2014, petition and July 10, 2014, appeal to change the name of the road. See Compl. (# 1). Plaintiff named the following as Defendants: Henderson County, North Carolina ("Henderson County"); Charlie Messer, Henderson County Commissioner ("Defendant Messer"); Charles R. Burrell, Henderson County Attorney ("Defendant Burrell"); Sarah G. Zambon, Henderson County Senior Deputy County

Attorney ("Defendant Zambon"); and Curtis Griffin, Henderson County Property Addressing Coordinator ("Defendant Griffin").[1] See id.

On August 17, 2017, Defendants filed the instant Motion to Dismiss (# 5) pursuant to Federal Rule of Civil Procedure 12(b)(6), which is supported by eight exhibits.[2] Defendants argue that they are entitled to dismissal of Plaintiff's complaint for three reasons. See Mot. Dismiss (# 5) at 2. First, Defendants argue that Plaintiff has no property interest in having the name of the road changed. Id. Second, Defendants argue that even if Plaintiff had a property interest, he received all of the process due under North Carolina law and the Henderson County Property Addressing Ordinance. Id. Finally, Defendants argue that the individual Defendants are entitled to qualified immunity, and Defendant Messer is entitled to legislative immunity. Id.

On September 5, 2017, Plaintiff filed a Response (# 6) in opposition. On September 11, 2017, Defendants filed a Reply (# 7). On September 18, 2017, Plaintiff filed a Request to Deny (# 8).

On September 19, 2017, Defendants filed a Motion to Strike (# 9) Plaintiff's sur-reply for failure to comply with this Court's Local Rules. In particular, Defendants argued that Plaintiff violated Local Rule 7.1(e) by filing his sur-reply without leave of court. Defendants recognized that Plaintiff is proceeding pro se, but they argued that he was still required to follow this Court's Local Rules. This Court agreed, and Defendants' Motion to Strike was granted. Plaintiff's Request, which was deemed a sur-reply, was stricken.

## II.     Factual Background[3]

---

[1] Each of the individual Defendants have been named solely in their individual capacities. See Compl. (# 1) at 1.
[2] Conversion to a motion for summary judgment under Federal Rule of Civil Procedure 56 is not necessary because the exhibits are subject to judicial notice. See Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004); Hickory Springs Mfg. Co. v. R & D Plastics of Hickory, Ltd., No. 5:14CV93-RLV, 2015 WL 4430219, at * 3 (W.D.N.C. July 20, 2015); see also Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).
[3] When evaluating this motion to dismiss, the Court must accept Plaintiff's alleged facts as true and view them in a

2

Case 1:17-cv-00205-MOC-DLH    Document 13    Filed 12/27/17    Page 2 of 13

Pursuant to N.C. Gen. Stat. § 153A-239.1,[4] Henderson County enacted a Property Addressing Ordinance ("Ordinance"), which provided as follows:

> A county shall not name or rename a road or assign or reassign street numbers on a road until it has held a public hearing on the matter, except as provided in § 142-14. At least 10 days before the day of the hearing, the Board of Commissioners shall cause notice of the time, place and subject matter of the hearing to be prominently posted at the County Courthouse, in at least two public places in the township or townships where the road is located, and shall publish a notice of such hearing in at least one newspaper of general circulation published in the county.

Ordinance, Chapter 142-7(B); Perrin Decl. (# 5-2) Ex. 1A.

The Ordinance further states that "[a]ction taken . . . under guidelines set forth in this chapter may be appealed by the property owner(s) to the Henderson Board of Commissioners. Such an appeal must be filed in writing within 30 working days of written notification of required owner action with the Clerk to the Board of Commissioners." Ordinance, Chapter 142-17; Perrin Decl. (#5-2) Attach. 1A

In early 2002, a comprehensive, county-wide Emergency 911 addressing project was completed in Henderson County, which consisted of 34,762 recommended address and road name changes. Compl. (# 1) ¶ 3. On February 20, 2002, the changes were submitted to the Henderson County Board of Commissioners ("Commissioners") for blanket approval. Id. Plaintiff alleges that hidden in the 700-page document of addresses and road names was a naming error where a 700 foot length of the western portion of Jennifer Lane was named Baystone Drive, which caused the "original westerly

---

light most favorable to him. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). In this case, the facts are derived from Plaintiff's Complaint (# 1) and matters subject to judicial notice (# 5) Attachs.

[4] Pursuant to N.C. Gen. Stat. § 153A-239.1(a), "[a] county may by ordinance name or rename any road within the county and not within a city, and may pursuant to a procedure established by ordinance assign or reassign street numbers for use on such a road. . . . A county shall not name or rename a road or adopt an ordinance to establish a procedure to assign or reassign street numbers on a road until it has held a public hearing on the matter."

3

continuation of Baystone Drive to lose its identity as a deeded, county approved private road, and subsequently resulted in its deletion from the official County Road, GIS, and EMS mapping systems." Id. ¶ 5.

In early 2014, Plaintiff brought the matter to the attention of the County Addressing Division, expecting that the issue would be corrected. Id. ¶ 6. Plaintiff alleges that Defendant Griffin, Henderson County Property Addressing Coordinator, told him that Baystone Drive was a driveway and not a road, and the road could not be changed without the approval from all four Jennifer Lane residents. Id. ¶ 16 at 4. On June 11, 2014, Plaintiff submitted a road naming petition ("Petition") to the Commissioners. Id. ¶ 16 at 4; Perrin Decl. (# 5-2) Attach. B.

On June 11, 2014, Defendant Griffin sent the Petition to Defendant Zambon, who "summarily and arbitrarily" denied the Petition on the same date. Compl. (# 1) ¶ 16 at 4. Plaintiff's Petition was denied for the following reasons: (1) the area in question is only a recorded right-of-way, not a road; (2) the right-of-way in question does not provide access to three or more residences; (3) it was not clear from his petition if he was requesting a section or the whole right-of-way be named; and (4) the proposed name, Old Baystone Drive, is strikingly similar to another road in the vicinity, Baystone Drive, in violation of Henderson County Code § 41-7A(3) and N.C. Gen. Stat. § 153A-239.1(3). Id. 4-5; Perrin Decl. (#5-2) Attach. 1C.

On July 10, 2014, Plaintiff appealed the June 11, 2014, Petition denial. Compl. (# 1) ¶ 16 at 5; Perrin Decl. (# 5-2) Attach. D. Plaintiff's appeal was scheduled to be heard by the Commissioners on August 20, 2014. Compl. (# 1) ¶ 16 at 6.

Before the August 20, 2014, hearing, Defendant Burrell, the Henderson County

4

Attorney, advised Plaintiff that the Commissioners were scheduled to hear a motion seeking a short-term moratorium on road and street renaming, and if that motion was granted, his appeal would not be heard on August 20, 2014.  Id.   At the August 20, 2014, Commissioners' meeting, the Commissioners voted to proceed with a moratorium and hold a public hearing on Plaintiff's appeal at the next scheduled meeting.  Compl. (# 1) ¶ 16 at 6-7; Perrin Decl. (# 5-2) Attach. E.

On September 17, 2014, in a public hearing, Plaintiff's appeal was addressed. Compl. (# 1) ¶ 16 at 7; Perrin Decl. (# 5-2) Attach. F.  In connection with the public hearing, Defendant Griffin provided information to the Commissioners entitled "Request for Board Action," which included a map with the new proposed road name, letters from EMS and Mountain Fire Department, Plaintiff's Petition requesting a new road name, and a power point presentation.  Compl. ¶ 16 at 4; Perrin Decl. (# 5-2) Attach. G.  Defendant Griffin specifically requested that "the Board hold the scheduled public hearing and consider the proposed road name request."  Perrin Decl. (# 5-2) Attach. G.

Plaintiff alleges that the September 17, 2014, hearing format was "inappropriate." Compl. (# 1) ¶ 16 at 7.  In particular, Plaintiff contends that the hearing was conducted in a non quasi-judicial manner.  Id.  The minutes from the hearing reflect that Plaintiff spoke out in favor of his proposed name change.  Perrin Decl. (# 5-2) Attach. F.  Plaintiff's appeal was denied by the Commissioners on the same day because "this right-of-way is not developed or maintained at this time.  EMS has investigated and renaming would only cause confusion."  Compl. (# 1) ¶ 16 at 7; Perrin Decl. (# 5-2) Attach. F.  Plaintiff contends that Defendant Messer knew or should have known that Plaintiff's appeal had to be heard and decided in a quasi-judicial public hearing.  Compl. (# 1) ¶ 16 at 8.

5

Following the September 17, 2014, denial, Plaintiff sent letters addressed to or forwarded to the Commissioners on each of the following dates: November 12, 2014, March 2, 2015, April 30, 2015, and December 17, 2016. Id. Plaintiff's letters proved to be futile, so he filed the instant action on July 31, 2017. See Compl. (# 1).

**II.     Legal Standard**

The central issue for resolving a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

6

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### III. Discussion

#### A. Plaintiff's substantive and procedural due process claims fail as a matter of law because he had no property interest.

The Fourteenth Amendment protects citizens from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. "[T]he Due Process Clause was intended to prevent government officials from abusing [their] power, or employing it as an instrument of oppression." Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (citations omitted), abrogated on other grounds by Saucier v. Katz, 533 U.S. 194 (2001).

Due process consists of both procedural and substantive components. Snider Int'l Corp. v. Town of Forest Heights, Md., 739 F.3d 140, 145 (4th Cir. 2014). "[S]ubstantive and procedural due process rights are triggered by a legitimate claim of entitlement to a property interest." Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 80 (4th Cir. 2016). Procedural due process claims involve the deprivation of a protected interest in life, liberty, or property without due process of law. Id. A substantive due process claim addresses the reasonableness of the governmental decision. Id.

Defendant has construed Plaintiff's complaint as alleging violations of both substantive and procedural due process. The Court will address each alleged violation in turn.

##### 1. Plaintiff has no property interest in having a road name changed.

7

To determine if an individual has a constitutionally protected property right, the court must look to state law. See Garraghty v. Com. of Va., Dep't of Corrs., 52 F.3d 1274, 1279 (4th Cir. 1995). Property rights are not a product of the Constitution but arise from "an independent source such as state law." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). A party alleging a property interest in a governmental benefit "must . . . have a legitimate claim of entitlement to it." Gardner v. City of Baltimore, 969 F.2d 63, 68 (4th Cir. 1992) (quoting Roth, 408 U.S. 577).

In this case, Plaintiff has no property interest in having the name of the road changed. Nothing in North Carolina law gives a person a "legal entitlement" to a specific street name. In fact, the only North Carolina statute that addresses road names, N.C. Gen. Stat. § 153A-239.1, sets forth the requirements for local governments to adopt address ordinances.

In North Carolina, in comparable situations, courts have held that the plaintiff did not have protected property rights. For example, in Coventry Woods Ass'n Inc. v. City of Charlotte, 688 S.E.2d 538 (N.C. App. 2010), the plaintiffs, property owners in Charlotte, North Carolina, argued that the changes in the treatment of an adjoining tract of property under properly-adopted zoning or subdivision ordinances constituted a constitutionally-protected property interest. Id. at 544. The North Carolina Court of Appeals held that the plaintiff did not have a constitutionally-protected property interest in how the adjoining tract was developed under the local land ordinance. Id. at 545. In another example, in Southside Trust v. Town of Fuquay-Varina, 69 F. App'x 136 (4th Cir. 2003) (per curiam), the plaintiff, an owner of a mobile home park outside of town, argued that the town's billing and collection practices for sewer service violated its constitutional rights. Id. at 137. The Fourth Circuit concluded that the plaintiff had not shown it had a protected property right in continued sewer service. Id. at 138.

Courts outside the Fourth Circuit have also held that plaintiffs in similar situations do not have a property right. See e.g., Rankel v. Town of Somers, 999 F. Supp. 2d 527, 545-46 (S.D. N.Y. 2014) (concluding that an individual does not have a property interest in a Town's enforcement of discretionary codes); Perry v. City of Bogalusa, No. 11-1786, 2012 WL 4344598, at *3 (E.D. La. 2012) (holding that plaintiff failed to show that he was deprived of property, as his sole claim is that defendants changed the name of East Ninth Street, yet he has pointed to no provision of state law that would give him a property interest in the street name).

In sum, Plaintiff cannot demonstrate a legitimate entitlement to having a street name changed. Consequently, Plaintiff has no property interest, and his substantive due process claim must fail.

**2. Plaintiff was afforded the process called for under the Ordinance.**

To the extent that Plaintiff had a property interest, he was afforded the process called for under the Ordinance. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of [procedural] due process is the opportunity to be heard at a meaningful time and in a meaningful manner.) (internal quotation omitted)); Snider Int'l Corp., 739 F.3d at 146 ("At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard."); see also United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) ("Our precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property.").

Plaintiff argues that N.C. Gen. Stat. § 160A-388 should have applied to his appeal. Compl. (# 1) at 11. Plaintiff's argument must fail. Unlike the instant case, § 160A-388 applies to zoning and unified development ordinances.

It is clear that Plaintiff received the process called for under the Ordinance. In particular, Plaintiff initially filed his Petition with the Commissioners, and it was denied by Defendant Zambon. Compl. (# 1) ¶ 16 at 4; Perrin Decl. (# 5-2) Attach. B. Next, Plaintiff was allowed to appeal the denial. Compl. (# 1) at 6-7. Defendant Griffin provided the Commissioners with information about Plaintiff's request, which included letters from emergency providers and pictures of the "road" Plaintiff was attempting to name. Compl. (# 1) ¶ 16 at 4; Perrin Decl. (# 5-2) Attach. G. Finally, Plaintiff was permitted to speak at a public hearing, as called for by N.C. Gen. Stat. § 153A-239.1(a) and the Ordinance. Perrin Decl. (# 5-2) Attach. F. As Plaintiff was given all the process he was entitled to under state law and the Ordinance, his procedural due process claim is without merit.

>    **B.    The individual claims against Defendants Messer, Burrell, Zambon, and Griffin are entitled to qualified immunity, and Defendant Messer is entitled to legislative immunity.**
>
>    **1.    Qualified Immunity**

Qualified immunity shields government officials from liability for civil damages when their actions do not violate clearly established constitutional or statutory rights that a reasonable person would have been aware of. Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Graham v. Gagnon, 831 F.3d 176, 182 (4th Cir. 2016). Pursuant to the doctrine of qualified immunity, there is a balance of two important interests: (1) the need to hold public officials accountable when they exercise their power irresponsibly, and (2) the need to shield public officials from harassment when they reasonably perform their duties. Sims v. Labowitz, ___ F.3d ___ , 2017 WL 6031847, at * 3 (4th Cir. 2017); Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015). When a qualified immunity defense is raised, a plaintiff must have set forth sufficient facts to state a violation of a constitutional rights, and the court must find that

the right was clearly established at the time of the alleged violation. Sims, 2017 WL 6031847, at *3 (citing Pearson, 555 U.S. at 232).

In this case, Plaintiff has not alleged sufficient facts sufficient to state a violation of constitutional rights. Accordingly, Defendants Messer, Burrell, Zambon, and Griffin are entitled to qualified immunity.

### 2. Legislative Immunity

Legislative immunity, which has been broadly extended, guarantees the right "of legislators to be free from arrest or civil process for what they do or say in legislative proceedings." E.E.O.C. v. Washington Suburban Sanitary Comm'n, 631 F.3d 174, 180-81 (4th Cir. 2011) (citing Tenney v. Brandhove, 341 U.S. 367, 372 (1951)). Legislative immunity has been extended to state and local legislators. Id. at 180-81. "[L]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998) (holding that local officials performing legislative functions are protected by legislative immunity).

In this case, Plaintiff alleges that Defendant Messer, an elected official and former Chairman, currently serves in his 16th consecutive year as a Commissioner. Compl. (# 1) ¶ 12. Plaintiff further alleges that Defendant Messer acted as Chairman of the Commissioners and presided over the August 20, 2014, meeting where Plaintiff's appeal was briefly discussed, rescheduled, and then heard on September 17, 2014, in an "inappropriate" non quasi-judicial public hearing. Id. ¶ 16 at 8. Plaintiff next alleges that Defendant Messer presided over the September 17 hearing, where his appeal was addressed and voted on. Id. Plaintiff concludes that Defendant Messer's actions were the proximate cause of Defendant Henderson County's violation of his right to be heard both under the North Carolina and United States Constitutions. Id.

The Court finds that Plaintiff's allegations are sufficient to establish that Defendant Messer is entitled to legislative immunity. See Bogan, 523 U.S. at 55 ("acts of voting . . . were, in form, quintessentially legislative"). Consequently, Plaintiff's claims against Defendant Messer must be dismissed on the basis of legislative immunity.

## IV. Conclusion

In light of the foregoing, the Court RECOMMENDS that Defendants' Motion to Dismiss (# 5) be GRANTED, and this case be dismissed.

Signed: December 23, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).