UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-205

| | | |
|---|---|---|
| **JAMES A. MCCLAIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **HENDERSON COUNTY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation (#13), the magistrate judge recommends granting defendants' Motion to Dismiss (#5) and advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

I.  **Applicable Standard**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute

does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## II. Discussion

The Court has given careful consideration to plaintiff's Objections (#14) and plaintiff's Amendment to his objections (#15) and conducted a *de novo* review where warranted. Some of the objections by Plaintiff fail to direct the Court to a specific error. Elsewhere, he acknowledges that defendant Messer is entitled to legislative immunity, Doc. #14 at pg. 8, allowing the court to dispense with *de novo* review of that finding. Orpiano, 687 F.2d at 47.

Plaintiff also appears to make objections that recast the facts of the situation, rather than pointing to an actual dispute, in both his original Objections (#14) and his Amendment (#15). For example, plaintiff argues that the magistrate judge wrongly found that his claim was about changing a road name, and argues the facts show that his claim was instead about being deprived of property rights relative to his personal and public safety by being denied an accurate and accessible property address, due to Defendant Zambon's denial of plaintiff's petition. The Court finds that the magistrate judge has properly construed the allegations of the Complaint and taken those allegations in a light most favorable to plaintiff as required under Rule 12 of the Federal Rules of Civil Procedure. In any event, the petition plaintiff contends was not given proper consideration was patently a petition to change a road name. While plaintiff's Complaint makes it clear that his reason for bringing the petition was public safety, Compl. at ¶¶ 1-6, the Fourteenth Amendment issue presented is whether plaintiff's has a property interest in the naming of a street

and whether he was afforded procedural due process in the county's consideration of that petition. As such, the Court finds no basis for a *de novo* review of the facts as the magistrate judge's recitation of the facts are accurate and are fully supported by the record that was before him. The Court incorporates those factual determinations herein. The Court considers all other objections related to the magistrate judge's findings and conclusions below.

*A. Plaintiff's objection to the Magistrate Judge's substantive due process findings*

First, the Court considers plaintiff's objections to the magistrate judge's finding that plaintiff has failed to state a plausible claim for deprivation of substantive due process. The magistrate judge found that plaintiff cannot state a property right to the name of a public street, and thus cannot proceed with a substantive due process claim.

A property right is a prerequisite for a due process claim. See Tri-County Paving, Inc. v. Ashe County, 281 F.3d 430, 436 (4th Cir. 2000) (for a valid due process claim, a plaintiff must show "(1) that it had a property interest; (2) of which the County deprived it; (3) without due process of law") (citing Corp. v. Calvert County, 48 F.3d 810, 826 (4th Cir. 1995). The Fourteenth Amendment does not create property interests; they are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Further, to have a property interest in a benefit, a person must have a "legitimate claim of entitlement to it." Id; see also Gardner v. City of Baltimore Mayor and City Council, 969 F.2d 63, 68 (4th Cir. 1992) (internal citations omitted).

Here, plaintiff has not pled or otherwise alleged any facts to support his contention that he has a legitimate entitlement to a street name or property address. Looking to North Carolina law

to determine what property rights are recognized, the only state law that covers road names is N.C.G.S. § 153A-239.1, which provides requirements for local governments that adopt ordinances concerning assigning addresses. That statute provides in relevant part as follows:

> A county may by ordinance name or rename any road within the county and not within a city, and may pursuant to a procedure established by ordinance assign or reassign street numbers for use on such a road. In naming or renaming a road, a county may not:
> ***
> (3) Give the road a name that is deceptively similar to the name of any other public road in the vicinity.
>
> A county shall not name or rename a road or adopt an ordinance to establish a procedure to assign or reassign street numbers on a road until it has held a public hearing on the matter. At least 10 days before the day of the hearing to name or rename a road, the board of commissioners shall cause notice of the time, place and subject matter of the hearing to be prominently posted at the county courthouse, in at least two public places in the township or townships where the road is located, and shall publish a notice of such hearing in a newspaper of general circulation published in the county. At least 10 days before the day of the hearing to adopt an ordinance to establish a procedure to assign or reassign street numbers on a road, the board of commissioners shall publish a notice of such hearing in a newspaper of general circulation in the county. After naming or renaming a road, or assigning or reassigning street numbers on a road, a county shall cause notice of its action to be given to the local postmaster with jurisdiction over the road, to the Board of Transportation, and to any city within five miles of the road. Names may be initially assigned to new roads by recordation of an approved subdivision plat without following the procedure established by this section.

N.C.G.S. § 153A-239.1. Thus, while it is conceivable that plaintiff could have brought an action in state court contending that Henderson County, when it renamed the western terminus of Jennifer Lane as "Baystone Drive" in 2002, violated §153A-239.1 because that name was "deceptively similar," to the name of a road that already existed,[1] the federal claim he is attempting to bring here (an alleged violation of Due Process) takes issue with how the county addressed the more recent

---

1   This federal court makes no determination on whether such an individual right of action exists under that state law or whether that action would be timely.

handling of his petition seeking to correct that alleged error.

Construing the Complaint and the objections in a manner most favorable to plaintiff, he argues that the 2002 renaming has caused confusion for EMS responders resulting in delay in receiving emergency services for residents of the westerly terminus of Jennifer Lane in receiving emergency services. Plaintiff does not allege that he resides on the misnamed portion of Jennifer Lane. Thus, in his objection, he claims his property interest is not in the naming of the road, but in receiving prompt emergency services incidental to proper road naming practices of the county. Even if the Complaint could be construed in such a manner, the potential for delay in receiving emergency services would not state a viable claim:

> To the extent that plaintiff alleges that Mr. Rudder had a property interest in defendant's emergency services, and that those services were denied without due process of law, this claim also fails as a matter of law. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005) (*quoting Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Furthermore, such entitlements are not created by the Constitution; instead, they are created by "existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577, 92 S.Ct. 2701. Finally, a benefit does not give rise to a property interest if government officials may grant or deny it in their discretion, *Town of Castle Rock*, 545 U.S. at 756, 125 S.Ct. 2796, or if it runs to the public generally rather than to particular individuals. *See id.* at 765, 125 S.Ct. 2796 (noting that even mandatory government services do not necessarily create property interests because they may "serve various legitimate ends other than the conferral of a benefit on a specific class of people").

Moses v. District of Columbia, 741 F. Supp. 2d 123, 129–30 (D.D.C. 2010). At best, the right to enjoy the benefits of a prompt emergency response runs to the public generally rather than to any particular individual, be it the residents of the original Baystone Drive or the residents of the allegedly misnamed Baystone Drive. Even if the Court were to construe the Complaint as plaintiff

suggests, it would not create a protectable property interest. Further, plaintiff has not cited any state law that would indicate that he has a recognized property interest in a street name or, for that matter, in a prompt emergency response. Rather, those interests appear to run to the general public and not individuals.

Returning to the property interest in street names, other courts have found no cognizable property interest in the naming or renaming of streets. See Perry v. City of Bogalusa, 2012 WL 4344598 at *3 (E.D. La. 2012) (rejecting a due process claim because "Plaintiff has pointed to no provision under state law that would give Plaintiff a property interest in the street name"); Rankel v. Town of Somers, 999 F.Supp.2d 527, 545 (S.D.N.Y. 2014) (property owner has no property interest in a town following building codes, and therefore no due process claim); Southside Trust v. Town of Fuquay-Varina, 69 Fed. App'x. 136 at *2 (2003) (mobile home park owner has no property interest in continued sewer service and therefore no due process claim).

Thus, even if the Court were to construe the Complaint as alleging a property interest in prompt medical response tied to appropriate naming of streets, plaintiff fails to state a cognizable claim for deprivation of due process as, absent some state law affording such right, an individual has not property interest in either the former or the latter. As such, the Court will overrule plaintiff's objection and affirm the magistrate judge's finding that plaintiff has no property interest in the appropriate naming of streets or, as this Court has determined, the prompt delivery of emergency services. Plaintiff's substantive due process claim will be dismissed.

### B. *Plaintiff's objection to the process afforded him*

Second, the Court considers plaintiff's objection to the magistrate judge's determination that he was afforded procedural due process. In making this determination, this Court has assumed

arguendo that plaintiff had a protectable property interest, be it in the naming of streets or the prompt delivery of emergency services.

Procedural due process is "simply a guarantee of fair procedures … typically notice and an opportunity to be heard." Mora v. City of Gaithersburg, 519 F.3d 216, 230 (4th Cir. 2008) (citations omitted). Generally, a deprivation of property must be "preceded by notice and opportunity for hearing appropriate to the nature of the case." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). To determine whether a procedural due process violation has occurred, "courts must consult the entire panoply of predeprivation and postdeprivation process followed by the state." Fields v. Durham, 909 F.2d 94, 97 (4th Cir. 1990) (citation omitted).

The ordinance in question here is the Property Addressing Ordinance ("the Ordinance") enacted by Henderson County pursuant to N.C.G.S. § 153A-239.1(a), which provides that a county "may by ordinance name or rename any road within the county and not within a city, and may pursuant to a procedure established by ordinance assign or reassign street numbers for use on such a road." Specifically, Chapter 142-7B of the Ordinance provides that the county:

> shall not name or rename a road or assign or reassign street numbers on a road until it has held a public hearing on the matter, except as provided in § 141-14. At least 10 days before the day of the hearing, the Board of Commissioners shall cause notice of the time, place and subject matter of the hearing to be prominently posted at the County Courthouse, in at least two public places in the township or townships where the road is located, and shall publish a notice of such hearing in at least one newspaper of general circulation published in the County.

Henderson Co. Ord. § 142-7B. Further, Chapter 142-17 of the Ordinance provides that "[a]ctions taken . . . under the guidelines set forth in this Chapter may be appealed by the property owner[s] to the Henderson County Board of Commissioners. Such an appeal must be filed in writing within 30 working days of written notification of required owner action with the Clerk to the Board of Commissioners." Henderson Co. Ord. § 142-17.

Here, the Complaint does not provide any plausible basis for this Court to find that plaintiff was denied procedural due process in the handling of his petition. While plaintiff is clearly dissatisfied with the ultimate resolution of his petition, he does not allege facts which would support a finding that he was not afforded notice or an opportunity to be heard on his request to rename the street under the county ordinance. It is uncontested that plaintiff filed his petition with Defendant Griffin, and Defendant Zambon denied it. Doc. #1, pg. 4. Plaintiff was allowed to appeal that denial, and given from August 20 to September 17 to prepare his appeal. Id. at pg. 6-7. Defendant Griffin provided the Commissioners with information about plaintiff's request, including letters from emergency providers and pictures of the stretch of road that plaintiff sought to rename. Id. at 7. Plaintiff was also able to speak at a public hearing in support of his petition and on September 17 presented his appeal and spoke in favor of his proposed name change, while three other homeowners spoke out in opposition. Id.; Doc. #5, Perrin Dec. Attachment F. Plaintiff's appeal was denied by the Commissioners the same day, stating that because "this right-of-way is not developed or maintained at this time [and] EMS has investigated and renaming would only cause confusion." Id. Plaintiff further argues that N.C.G.S. § 160A-388 should have applied to his appeal; however, that state statute appears to apply to zoning or unified development ordinances, not the Ordinance at issue here.

Ultimately, plaintiff's objections to the magistrate judge's recommendation are unpersuasive, as he appears to have had both notice and the opportunity to present his position both initially and on appeal, as is required under state and local law. A claim for denial of procedural due process does not lie where one does not agree with the action taken by county authorities. See Burch v. NC Department of Public Safety, 158 F.Supp.3d 449, 458 (E.D.N.C.

2016) (dismissing procedural due process claim where a plaintiff had adequate post-deprivation remedies); Molamphy v. Town of Southern Pines, 2004 WL 419789 at *14 (M.D.N.C. 2004) ("procedural due process is satisfied in a zoning matter when a property owner affected by a proposed ordinance receives actual notice of the hearing and has a chance to speak at the hearing").

Clearly, plaintiff has not asserted plausible facts that would support a claim for violation of the protections provided under procedural due process. The Court will overrule plaintiff's objection and affirm the magistrate judge's finding that plaintiff received adequate procedural due process under the Ordinance.

*C. Plaintiff's objection to qualified immunity of individual defendants*

Finally, plaintiff objects to the magistrate judge's finding that individual Defendants Burrell, Zambon, and Griffin are entitled to qualified immunity. Plaintiff argues that they knew or should have known their actions in this matter were unlawful and violated his rights of appeal under county ordinances and state law, as well as his constitutional due process rights. As discussed above, the actions of the individual defendants did not violate the protections afforded plaintiff under the Due Process Clause.

Qualified immunity is designed to shield "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Graham v. Gagnon, 831 F.3d 176, 182 (4th Cir. 2016). There is a balance between two important interests: (1) the need to hold public officials accountable when they exercise their power irresponsibly and (2) the need to shield public officials from harassment when they reasonably perform their duties. Sims v. Labowitz, 2017 WL

6031847, at *3 (4th Cir. 2017); Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015). When reviewing whether qualified immunity exists, a court first considers if the individual's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If there was not a right clearly established at the time of the alleged violation, further review is unnecessary. See Sims, 2017 WL 6031847 at *3.

Here, the Court first analyzed plaintiff's claims and affirmed the magistrate judge's findings that plaintiff has not pled sufficient facts alleging a violation of his constitutional rights. Plaintiff has not shown any property right related to Henderson County's naming of a given street or, for that matter, the right to receive prompt emergency services, rendering his substantive due process claim non-cognizable. Further, plaintiff was afforded an opportunity to prepare and be heard in a public forum on this matter pursuant to local and state law, which is fatal to his allegations of a procedural due process violation. Given plaintiff's failure to allege sufficient facts to state a violation of constitutional rights, the individual defendants are thus entitled to qualified immunity for their decisions in this matter. As a result, the Court will overrule plaintiff's objection on this issue and affirm the Magistrate Judge's finding.

***

Thus, after careful review, the Court determines that the recommendation of the Magistrate Judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the Court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#13) is **AFFIRMED,** defendants' Motion to Dismiss (#5) is **GRANTED,** and this case is **DISMISSED** for failure to state a cognizable cause of action.

Signed: February 8, 2018

Max O. Cogburn Jr
United States District Judge